UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAURIE J. GOODWIN,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 10-cv-5783-BHS-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES PURSUANT TO 28 U.S.C. § 2412<br><br>NOTING DATE: JUNE 29, 2012 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261, 271-72 (1976). This matter is before the Court on plaintiff's contested motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and has been fully briefed (<u>see</u> ECF Nos. 21, 22, 23).

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEY'S
FEES, COSTS AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 1

Subsequent to plaintiff's success at obtaining a reversal of the decision of the Social Security Administration, defendant Commissioner challenged plaintiff's request for statutory attorney's fees on the grounds that they were unreasonable because this Court had granted defendant's Motion to Strike the appendix filed by plaintiff in support of plaintiff's Opening Brief.

Based on the relevant record, including plaintiff's Declaration and Time and Expense sheet in support of fees, the Court finds that plaintiff's fee request is reasonable. Although the Court found that the appendix drafted by plaintiff was not helpful to the Court, such a finding does not preclude recovery for the fees representing hours incurred in the preparation of the appendix.

Considering the excellent results obtained by plaintiff's counsel and the particular facts and record in this case, the hours requested by plaintiff's counsel are reasonable. Therefore, defendant's contention that this Court should reduce the recoverable attorney's fees for plaintiff from 41.5 to 35.0 hours is not persuasive and plaintiff's motion for fees, costs and expenses should be granted pursuant to 28 U.S.C. § 1920 (costs) and the Equal Access to Justice Act, 28 U.S.C. § 2412.

BACKGROUND and PROCEDURAL HISTORY

In February, 2007, plaintiff filed an application for Social Security disability benefits, alleging that she had been disabled since September 10, 2001 (Tr. 104-06). On September 1, 2009, Administrative Law Judge Laura Valente ("the ALJ") issued a

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEY'S
FEES, COSTS AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 2

written decision in which she found that plaintiff was not disabled pursuant to the Social Security Act (see Tr. 7-19).

On August 20, 2010, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-5). See 20 C.F.R. § 404.981. On October 22, 2010, plaintiff filed a complaint in this Court, seeking judicial review of the ALJ's written decision (see ECF No. 1).

In the Report & Recommendation, adopted by the Court, the undersigned concluded that the ALJ erred in her review of plaintiff's credibility and erred in her review of the medical evidence provided by one of plaintiff's treating physicians (see R&R on complaint, ECF No. 17, p. 1; see also Order Adopting R&R, ECF No. 18; Judgment, ECF No. 19). See Goodwin v. Astrue, 2011 U.S. Dist. LEXIS 152150 at *1 (W.D. Wash 2011), *adopted by* 2012 U.S. Dist. LEXIS 7699 at *1 (W.D. Wash. 2012). As a result, this matter was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings (see ECF No. 17, pp. 1-2, 36; ECF Nos. 18, 19). See Goodwin, supra, 2011 U.S. Dist. LEXIS 152150 at *51, *adopted by* 2012 U.S. Dist. LEXIS 7699 at *1. In addition, the Court granted defendant's Motion to Strike the Appendix filed by plaintiff and attached to plaintiff's Opening Brief (see ECF No. 17, p. 2; see also ECF Nos. 11, 18, 19). See Goodwin, supra, 2011 U.S. Dist. LEXIS 152150 at *1, *6-*8, *adopted by* 2012 U.S. Dist. LEXIS 7699 at *1.

Subsequently, plaintiff moved this Court for an award of attorney's fees, costs and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 and 28 U.S.C. § 1920 (ECF No. 21). Defendant contends that plaintiff's request "for $7,463.64 in attorney fees based on 41.4 attorney hours is unreasonable and excessive" (Response, ECF No. 22, p. 3). Plaintiff has filed a reply in support of her motion (ECF No. 23).

STANDARD OF REVIEW

Plaintiff requests an award pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, for attorney's fees in the amount of $7,463.64, representing 41.5 hours of attorney time (Plaintiff's Motion for Attorney's Fees, ECF No. 21, p. 1; see also Time and Expense Sheet, ECF No. 21, Attachment 3, pp. 1-2). The Equal Access to Justice Act ("EAJA") provides, in relevant part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEY'S
FEES, COSTS AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 4

substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. Hardisty v. Astrue, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing* Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. See Hensley, supra, 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff clearly was the prevailing party because she received a remand of the matter to the administration for further consideration (see R&R on Plaintiff's Complaint, ECF No. 17; Order Adopting R&R on Plaintiff's Complaint, ECF No. 18; Defendant's Response to Plaintiff's EAJA Motion for Fees, ECF No. 22, p. 3). See Goodwin, supra, 2011 U.S. Dist. LEXIS 152150 at *51, *adopted by* 2012 U.S. Dist.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEY'S
FEES, COSTS AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 5

LEXIS 7699 at *1; see also Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002) (*citing* Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993)). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Defendant implicitly conceded that the government's position was not substantially justified (see Defendant's Response to Plaintiff's EAJA Motion for Fees, ECF No. 22, p. 4 ("the Commissioner does not object to an award of EAJA fees")).

The Court agrees with defendant's implicit concession (see id.). This conclusion is based on a review of the relevant record, including the government's administrative and litigation positions regarding the evaluation of the medical evidence as well the evaluation of plaintiff's credibility. For these reasons, and based on a review of the relevant record, the Court concludes that the government's position in this matter as a whole was not substantially justified. See Guitierrez v. Barnhart, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (citations omitted).

The undersigned also concludes that no special circumstances make an award of attorney fees unjust. See 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to determine the amount of a reasonable fee. See 28 U.S.C. § 2412(b); Hensley, supra, 461 U.S. at 433, 436-37; see also Roberts v. Astrue, 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), *adopted by* 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." Hensley,

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEY'S
FEES, COSTS AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 6

supra, 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, supra, 461 U.S. at 433.

However, the "product of reasonable hours times a reasonable rate does not end the inquiry." Id. at 434. The court concluded that the "important factor of the 'results obtained'" may lead the district court to adjust the fee upward or downward. Id. The court stated that this factor particularly is "crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." Id. at 434 n.9 (noting that other relevant factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate") (other citation omitted); see also Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), *cert denied*, 425 U.S. 951 (1976) (adopting factors from Johnson, supra, 488 F.2d at 717-19).

Here, plaintiff prevailed on the single claim of whether or not the denial of her social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. Regarding the reasonableness of an attorney's fees request, according to the Supreme Court, the factor of "results obtained" may not be very relevant, particularly when there is only a single claim in an appeal of a Social Security matter. See Hensley, supra, 461 U.S. at 435. When the case involves a "common core of facts or will be based on related legal theories . . . . the district court should focus on

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEY'S
FEES, COSTS AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 7

the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." Id.

Plaintiff contends that defendant has not contested that plaintiff obtained excellent results in this matter (see Reply, ECF No. 23, p. 3). The Court agrees that plaintiff's results here were excellent. Although plaintiff did not receive a remand with a direction to award benefits, the circumstances allowing for such a result do not exist often in social security appeals before this Court. Plaintiff here obtained a new hearing and a new decision following remand of this matter.

Therefore, the court will look to "the hours reasonably expended on the litigation." See Hensley, supra, 461 U.S. at 435. Although other relevant factors identified in Johnson, supra, 488 F.2d at 717-19 "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate," they will be referenced explicitly herein. See Hensley, supra, 461 U.S. at 434 n.9 (other citation omitted). The Court notes that the Johnson factors, discussed below, for determining the reasonableness of attorney's fees[1], referenced by the Supreme Court in Hensley, were adopted by the Ninth

---

[1] The Johnson factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of

Circuit in Kerr. See Hensley, supra, 461 U.S. at 434 n.9 (*citing* Johnson, supra, 488 F.2d at 717-19) (other citation omitted); Kerr, supra, 526 F.2d at 69-70 (citations omitted). These guidelines are consistent with Washington Rules of Professional Conduct 1.5.

As defendant does not object to plaintiff's request for reimbursement for costs or expenses and does not object to plaintiff's requested hourly rate for her attorney's fees request, the gravamen of defendant's contentions here concern "the number of hours reasonably expended on the litigation" (see ECF No. 22, pp. 3-5). See also Hensley, supra, 461 U.S. at 433. The Court notes that defendant seeks a reduction of plaintiff's requested hours from 41.4 to 35.0 hours, that is, a reduction of 6.4 hours (see Response, ECF No. 22, p. 5).

Defendant objects specifically to plaintiff's expenditure of 12.8 attorney hours drafting documentary evidence in this case, which was attached as an appendix to plaintiff's Opening Brief (Defendant's Response to Plaintiff's Motion for Attorney Fees and Expenses Pursuant to the EAJA, ECF No. 22, pp. 2, 4-5). This Court granted defendant's motion to strike plaintiff's appendix in this matter, in part due to the fact that plaintiff failed to follow local rules and failed to seek first this Court's permission to file an over-length brief and in part due to the limited helpfulness of the appendix to the Court's analysis (see ECF No.17, pp. 5-6). However, this fact does not preclude recovery necessarily for all of the hours expended in preparation of the appendix. Plaintiff argues

---

the professional relationship with the client; and (12) awards in similar cases. Johnson, supra, 488 F.2d at 717-19) (citations omitted).

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEY'S
FEES, COSTS AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 9

that "the summary of evidence that was in that Appendix was an essential first step in the preparation of [plaintiff]'s opening brief, and [plaintiff's attorney] would not have been able to efficiently and effectively prepare [plaintiff]'s briefs in this case without being able to constantly refer to and rely upon this detailed and accurate summary of the medical evidence" (see Reply, ECF No. 23, p. 3). In addition, plaintiff already has reduced by half the amount of time for which she seeks recovery of attorney's fees for the hours expended in the preparation of the appendix, from 12.8 hours to 6.4 hours (see ECF No. 21, Attachments 2 and 3). Based on the facts of this case and plaintiff's submitted attorney Declaration and Time and Expense Sheet, as discussed further below, the Court is persuaded by plaintiff's argument that half of the hours incurred preparing the appendix were expended reasonably. See Hensley, supra, 461 U.S. at 429, 433 n.7. The issue of the hours incurred preparing the appendix is the only specific challenge raised by defendant regarding plaintiff's request for fees (see Response, ECF No. 22).

Regarding time, labor and the experience of the attorney, the first and ninth factors referenced regarding determining the amount of reasonable attorney's fees in Johnson, see supra, n.1, and adopted by the Ninth Circuit in Kerr, plaintiff was represented by Eitan K. Yanich, Esquire, ("counselor Yanich") an experienced attorney in Social Security matters (Motion for Attorney's fees, ECF No. 21, Attachment 3). See Johnson, supra, 488 F.2d at 717-19, see also Kerr, supra, 526 F.2d at 69-70. Counselor Yanich's associate, Maureen Cleary, Esquire, drafted the documentary evidence into an appendix,

which entailed 6.4 hours of the total 41.4 hours billed in this matter, subsequent to a 6.4 hour billing reduction (id., Attachments 2, 3).

Time expended on this case included multiple correspondences with plaintiff and defense counsel; reviewing the administration's decision and defendant's responsive brief; preparing the complaint; speaking with the client; filing the complaint and other documents; drafting documentary evidence into an appendix; drafting and filing opening and reply briefs; and other case management tasks, such as reviewing this Court's order regarding the briefing schedule and the Report and Recommendation on plaintiff's complaint (id.). Plaintiff also incurred time preparing the motion for EAJA attorney's fees and the attached Declaration and Time and Expense Sheet (see ECF No. 21, Declaration, Attachment 2, Time and Expense Sheet, Attachment 3). As referenced previously, although 12.8 hours were expended on the appendix, plaintiff reduced the amount of hours for which fees are requested from 12.8 hours to 6.4 hours, representing a billing judgment reduction of 50% of the hours incurred in preparation of the appendix (*id.* at p. 3; see also id., Attachment 2).

This Court previously reduced an EAJA attorney's fee award in the context of an appendix which was not filed with the required approval of the Court and which was found not to have provided much assistance to the Court (see Case No. 10cv5074RJB, ECF No. 49, p. 10). See McCune v. Astrue, 2011 U.S. Dist. LEXIS 92979 at *16 (W.D. Wash. 2011), *adopted by* 2011 U.S. Dist. LEXIS 93044 (W.D. Wash. 2011).

However, a number of distinguishing factors exist in the matter before the Court currently. First, the Court notes that in McCune, plaintiff's attorney was requesting attorney's fees for 54.5 hours while plaintiff here requests fees representing 41.4 hours. See McCune, supra, 2011 U.S. Dist. LEXIS 92979 at *12-*13. In addition, the issues in this matter before the Court currently were based very much on the specific detailed medical record and required an in-depth review of the record in order to determine whether or not the review of the treating physician's opinions and plaintiff credibility by the ALJ was proper (see Report and Recommendation on plaintiff's complaint, ECF No. 17, pp. 6-29). See Goodwin, supra, 2011 U.S. Dist. LEXIS 152150 at *8-*41, *adopted by* 2012 U.S. Dist. LEXIS 7699 at *1. Although issues in McCune also were based on the specific medical record, a more complex and detailed understanding of the medical record was required in this case before the Court currently. See id.; see also McCune v. Astrue, 2011 U.S. Dist. LEXIS 31384 (W.D. Wash. 2011), *adopted by* 2011 U.S. Dist. LEXIS 31386 (W.D. Wash. 2011).

One indication of the complexity of the issues in this matter is the length of the undersigned's Report and Recommendation on plaintiff's complaint. See Goodwin, supra, 2011 U.S. Dist. LEXIS 152150, *adopted by* 2012 U.S. Dist. LEXIS 7699 at *1. Although a typical Report and Recommendation on a Social Security matter often is approximately twenty pages in length, the Report and Recommendation in this matter was thirty-six pages long. Id. The Report and Recommendation in McCune was

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEY'S
FEES, COSTS AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 12

seventeen pages long (Case No. 10cv5074RJB, ECF No. 43, pp. 1-17). See McCune, supra, 2011 U.S. Dist. LEXIS 31384, *adopted by* 2011 U.S. Dist. LEXIS 31386.

According to the Supreme Court, "the amount of the fee, of course, must be determined on the facts of each case." Hensley, supra, 461 U.S. at 429, 433 n.7. Based on a review of the complete record, including the Declaration by plaintiffs' counsel and the Time and Expense Sheet, the Court concludes that the number of hours billed in this matter is reasonable. See id.

Regarding the novelty and difficulty of the questions involved and the skill required in order to perform the legal service properly, the second and third factors considered in Johnson and Kerr, see also supra, n.1, this case involved knowledge of social security disability law as well as knowledge of the administrative appeal process before the Social Security Administration. See Johnson, supra, 488 F.2d at 717-19; see also Kerr, supra, 526 F.2d at 69-70. Therefore, specialized knowledge and skill were required for the prosecution of this matter and plaintiff's counsel has the requisite experience and knowledge and is deserving of the full EAJA hourly rate. In addition, this matter presented some difficulty with respect to the questions presented and the record itself contained a moderate amount of complexity.

The fourth factor considered in Johnson, see supra, n.1, and adopted by the Ninth Circuit in Kerr, is the preclusion of other employment by the attorney due to acceptance of the case. See Johnson, supra, 488 F.2d at 717-19, see also Kerr, supra, 526 F.2d at 69-70. Although plaintiff's counsel could not work on other cases while working on this

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEY'S
FEES, COSTS AND EXPENSES PURSUANT TO
28 U.S.C. § 2412 - 13

matter, the extent to which plaintiff's attorney was precluded from other work does not appear to be any greater in this particular matter than occurs with the acceptance of any case.

Regarding the customary fee and awards in similar cases, the fifth and twelfth Johnson and Kerr factors, the requested fee is not outside the range of the amount of attorney's fees generally awarded in cases of this type. See Johnson, supra, 488 F.2d at 717-19, see also Kerr, supra, 526 F.2d at 69-70. In addition, defendant has not challenged the hourly rate requested by plaintiff, which complies with the EAJA, of $175.06 for hours incurred in 2010; $180.59 for hours incurred in 2011; and $182.97 for hours incurred in 2012 (see ECF No. 22, pp. 3-5). These rates are reasonable, given the skill and expertise of counselor Yanich.

Regarding whether the fee is fixed or contingent, and the time limitations imposed by the client or the circumstances, the sixth and seventh Johnson and Kerr factors, these factors here do not have much relevance to the determination of whether or not the requested fee is reasonable. See Johnson, supra, 488 F.2d at 717-19, see also Kerr, supra, 526 F.2d at 69-70.

Regarding the eighth factor of the amount involved and the results obtained, plaintiff here obtained excellent results and, hence, as noted previously, should obtain a fully compensatory fee. See Hensley, supra, 461 U.S. at 435.

Regarding the tenth and eleventh factors, this case does not appear to have been either desirable nor undesirable, and the nature and length of the professional relationship

with the client also does not appear to be relevant to the determination of whether or not the requested fee is reasonable.

Having considered the relevant factors from Johnson and Kerr, see supra, n.1, and having reviewed the relevant record, including the Declaration and the Time and Expense Sheet submitted by plaintiff's counsel in this matter, the Court concludes that plaintiff's requested fee award is reasonable and that plaintiff's motion should be granted.

CONCLUSION

After considering and reviewing the record, including the Declaration in support of fees as well as the Time and Expense Sheet submitted by plaintiff's attorney, the undersigned finds that the government's position was not substantially justified; no special circumstances make an award of attorney fees unjust; the significance of the overall relief obtained was commensurate with the hours expended in this matter; and the hours requested were expended reasonably.

Therefore, the undersigned recommends that plaintiff should be granted a total award of $7,841.86, including attorney's fees in the amount of $7,463.64 and expenses in the amount of $28.22, pursuant to the Equal Access to Justice Act, 28 U.S.C. 2412, and costs in the amount of $350.00, pursuant to 28 U.S.C. § 1920.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C).

1 | Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the
matter for consideration on June 29, 2012, as noted in the caption.

Dated this 8th day of June, 2012.

*[signature]*

J. Richard Creatura
United States Magistrate Judge